IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | No. 3:20-cr-00500-N-1 |
| | § | |
| JOE DOMINGUEZ, JR. | § | |
| | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Joe Dominguez, Jr.'s motion to reduce sentence. Crim. Doc. 50. For the following reasons, the motion is **DENIED**, and construed as seeking habeas relief, it is **DISMISSED** without prejudice.

I.

On September 30, 2022, Defendant pleaded guilty to possession of a firearm by a convicted felon and received a forty-month federal sentence that was to run consecutively to one state sentence and concurrently with another. *See* Crim. Doc. 47.

On April 13, 2026, Defendant—now serving his federal sentence—filed a motion in his criminal case asserting that the BOP is not giving him credit for seventeen months that he spent in Limestone County Detention Center awaiting his federal sentencing hearing. Crim. Doc. 50. He asks the Court to credit the seventeen months he spent in pre-sentencing custody toward his forty-month sentence. *Id.*

II.

The proper method for challenging the execution of a sentence and for contesting the calculation of a sentence by the BOP is through a habeas corpus petition under 28 U.S.C. § 2241.

*See Braden v. 30th Jud. Cir. Ctr. of Kentucky*, 410 U.S. 484, 494-95 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.").

So here, Defendant's motion challenging the BOP's determination of his sentence duration sounds in habeas, and the Court will liberally construe the motion as a habeas petition under 28 U.S.C. § 2241. *See Rice v. Cockerell*, 2024 WL 385701, at *1 (N.D. Tex. Feb. 1, 2024) ("The court is not bound by the caption or title of a pro se pleading and must instead look to its substance.") (collecting cases); *see also United States v. Romero-Soto*, 85 F.3d 622, 1996 WL 255047, at *1 (5th Cir. 1996) ("Because Romero-Soto was challenging the execution of his sentence, his motion was properly construed as a 28 U.S.C. § 2241 petition.") (citation omitted).

But a § 2241 petition must be filed in the district where the petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Defendant is incarcerated at the BOP Forrest City FCI Medium in Forrest City, Arkansas. Therefore, this Court lacks jurisdiction over Defendant's motion for a sentence reduction, construed as an application for federal habeas relief under § 2241, and it will be dismissed for lack of jurisdiction. *See, e.g.*, *Alvarez v. U.S.*, 168 F. App'x 648 (5th Cir. 2006) (per curiam).

### III.

Because Defendant is not confined in this District, the Court lacks jurisdiction to consider his challenge to the BOP's calculation of his sentence. Thus, Defendant's motion for a sentence reduction is **DENIED**, and, construed as an application for federal habeas relief under 28 U.S.C. § 2241, it is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The clerk of the court is **instructed** to (1) open for indexing purposes a new habeas corpus action under 28 U.S.C. § 2241 (nature of suit 530) against the Warden of BOP Forrest City FCI Medium, (2) directly assign the new case to the district judge and magistrate judge in the criminal case, and (3) close the same on the basis of this order. The clerk of the court will file a copy of this order and Defendant's motion in the new action.

SO ORDERED this 5th day of May, 2026.

DAVID C. GODBEY
SENIOR UNITED STATES DISTRICT JUDGE